**Affirmed and Memorandum Opinion filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00321-CR

## NOE AGUILAR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1552966**

## MEMORANDUM OPINION

Appellant Noe Aguilar was found guilty by a jury of the offense of invasive visual recording and was sentenced to confinement in state jail for eight months. On appeal, appellant contends that the trial court erred by overruling appellant's objection to a police officer's testimony concerning the actions that constitute the charged offense. Appellant also contends that a statutory jury fee imposed on him is facially unconstitutional. We affirm.

## BACKGROUND

On October 7, 2016, a witness saw appellant taking an "upskirt" video of the complainant while the complainant was shopping at a Lowe's store in Tomball. The complainant and the witness flagged down Officer Kenneth Yoho of the Tomball Police Department in the store's parking lot as appellant attempted to leave the store. Officer Yoho, who was on duty at the time, questioned appellant. With appellant's consent, Officer Yoho also viewed the video on appellant's phone. Officer Yoho believed the video contained evidence of a crime.

Appellant was charged with the offense of invasive visual recording. *See* Tex. Penal Code § 21.15(b)(1).[1] Consistent with the statute, the indictment alleged that appellant "did then and there unlawfully, with the intent to invade the privacy of [the complainant], and without the consent of [the complainant], record by electronic means a visual image of an intimate area of [the complainant], namely, the genitals, pubic area, anus and buttocks, and [the complainant] has a reasonable expectation of privacy that said intimate area was not subject to public view."

The evidence at trial included the testimony of the complainant, a witness, and Officer Yoho, and the video recording from appellant's phone. Appellant does not challenge the sufficiency of the evidence supporting his conviction.

During deliberations, the jury asked to watch the video again and to review the testimony of the officer and the witness. At one point, the jury foreman sent out a note stating that they had a "hung jury" that was "split 7-5" and that "no one is

---

[1] The Texas Penal Code provides that a person commits the offense of invasive visual recording "if, without the other person's consent and with intent to invade the privacy of the other person, the person . . . photographs or by videotape or other electronic means records, broadcasts or transmits a visual image of an intimate area of another person if the other person has a reasonable expectation that the intimate area is not subject to public view." Tex. Penal Code § 21.15(b).

going to change their mind after heated debate." The trial court gave an *Allen* charge urging the jury to continue deliberating. The jury ultimately found appellant guilty.

## I.     The Officer's Testimony

In his first issue, appellant contends that the trial court erred by overruling his objection to Officer Yoho's testimony concerning the elements of the offense. Appellant argues that the error gave the trial court's stamp of approval to an unconstitutional interpretation of the law.

On direct examination by the prosecutor, Officer Yoho testified that when he watched the video on appellant's phone, he saw a depiction of the complainant's intimate area, including her pubic area, anus, and buttocks. On cross-examination, Yoho acknowledged that the complainant's pubic area, anus, and buttocks were covered by the complainant's underwear or clothing. Appellant's issue on appeal focuses on the following exchange during the prosecutor's redirect examination:

> Q.     [Prosecutor:] The defense asked you about the pubic area and the buttocks, and they asked you about it being covered by [the complainant's] underwear. Is it still a crime for someone to video or record someone's buttocks or anus or pubic area if it is covered by underwear?
>
> A.     [Officer Yoho:] Yes, it is.
>
> [Defense counsel:] Your Honor, we will object. That by itself is not a crime. There are a lot more elements than that for it to be a crime.
>
> THE COURT: Overruled. He can answer the question.
>
> A.     I am sorry. Can you ask the question again?
>
> Q.     [Prosecutor:] Is videoing and/or taking a recording of a complainant's buttocks, private — excuse me — pubic area and anus, if it is covered by underwear, does that underwear covering it stopped [sic] that improper recording from being a crime?

A.     No, it does not.

THE COURT: What is your objection?

[Defense Counsel:] Your Honor, our objection is the video, itself — that in and of itself is not a crime. Intent has to be proven and privacy to the public has to be proven.

THE COURT: Can you come up for just a second. I just need two people.

(At the bench, on the record)

THE COURT: I am going to allow the question, but you left out the word unauthorized, but I will allow your question.

[Defense Counsel:] Your Honor, since we are here, there are still other elements before it is a crime.

THE COURT: Well, you can ask him that on re-cross, okay?

(Proceedings in open court)

Q.     [Prosecutor:] Officer Yoho, let me get a little bit more specific.

If someone unlawfully with the intent to invade the privacy of a complainant without their consent, records them by an electronic means and records the genitals, pubic area, anus and buttocks of that complainant which the complainant has a reasonable expectation of that area, if that area is covered by underwear, does that make — does that prevent it from being a crime?

A.     No, it does not.

Q.     If someone does not consent to their private area being videoed or photographed, in your opinion, is that an invasion of privacy?

A.     Yes.

Appellant argues that taking a picture or video of another person's clothed intimate area is not a criminal offense per se, and therefore the officer's testimony that it is a crime to make a videotape of the clothed intimate area of another person was a gross misstatement of the law. Appellant asserts that by overruling appellant's objection to the testimony, the trial court stamped its approval on the

4

officer's improper and highly inaccurate statement of the law. Appellant further suggests that in light of the jury's "heated debate" during deliberations, the trial court's erroneous ruling could have influenced some jurors to change their verdict from "not guilty" to "guilty" after the trial court gave the *Allen* charge.

We disagree that the officer's testimony in this case constituted a gross misstatement of the law. The Penal Code expressly provides that the invasive visual recording of an intimate area is a crime even when the intimate area recorded is clothed. *See* Tex. Penal Code § 21.15(a)(2) (defining "intimate area" for purposes of the invasive visual recording statute to include "the *naked or clothed* genitals, pubic area, anus, buttocks, or female breast of a person") (emphasis added). Viewed in context, it is apparent that the prosecutor's question was limited to rebutting any impression left by the defense that no crime is committed if the intimate area is covered by clothing, and the officer's testimony in response to the question was consistent with the law. *See id.* Our conclusion is reinforced by the prosecutor's closing argument, in which the prosecutor twice reminded the jury that the charge reflects that offense is committed whether the intimate area is naked or clothed.

Moreover, any error was harmless because the prosecutor immediately addressed defense counsel's objection by asking the same question in a way that incorporated all of the elements of the offense. Defense counsel declined to question the officer further concerning the elements of the offense despite the trial court's suggestion that he could do so. And, in closing argument, defense counsel argued that it was not enough for the State to prove that "there is a video of a private area" and emphasized that the State also had to prove that appellant intended to invade the complainant's privacy and that the intimate area was not subject to public view. The State did not argue otherwise.

5

In addition, the application paragraph of the trial court's charge substantially tracked the allegations in the indictment, which included all the elements of the offense. *See* Tex. Penal Code § 21.15(b)(1). The charge also instructed the jury that if it found beyond a reasonable doubt that appellant committed the alleged offense, then it was to find appellant guilty. Absent evidence to the contrary, we presume the jury understood the jury charge and found appellant guilty based on a unanimous finding that appellant committed all of the elements of the charged offense. *See Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006).

On this record, we conclude beyond a reasonable doubt that any error by the trial court did not materially affect the jury's deliberations to appellant's detriment or contribute to the verdict obtained. *See id.* (holding that trial court committed constitutional error in overruling objection to prosecutor's misstatement of law concerning presumption of innocence but concluding that error was harmless).[2] We overrule appellant's first issue.

## II.    The Constitutionality of the Statutory Jury Fee

In his second issue, appellant contends that Texas Code of Criminal Procedure article 102.004(a) is facially unconstitutional. Article 102.004 provides in relevant part that "[a] defendant convicted by a jury in a county court, a county court at law, or a district court shall pay a jury fee of $40." *See* Tex. Code Crim. Proc. art. 102.004(a). Appellant argues that the statute is unconstitutional because it does not direct how this fee is to be used.

After appellant's brief was filed, however, this court addressed a similar

---

[2] Although appellant complains that the trial court erred by approving an "unconstitutional interpretation of the law," appellant makes no argument concerning the appropriate standard for review of the alleged harm. For purposes of resolving the appeal, we will assume without deciding that the alleged error in this case is subject to review for constitutional error. *See* Tex. R. App. P. 44.2(a).

complaint and held that article 102.004(a) is constitutional. *See Johnson v. State*, 562 S.W.3d 168, 174–80 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (rejecting appellant's complaint that Texas Code of Criminal Procedure article 102.004 is facially unconstitutional and holding that the statute does not violate the separation-of-powers clause). We decline to revisit the issue and overrule appellant's second issue.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/    Ken Wise
       Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).